■ GEORGE K. POND, Appellant, v. HAROLD REGIS, Respondent. STEPHEN K. POND, an Infant, by GEORGE K. POND, as Guardian ad Litem, Appellant, v. HAROLD REGIS, Respondent.— *Per Curiam.* Appeals by plaintiffs from judgments of the Supreme Court in favor of defendant, entered upon verdicts of no cause of action, in actions brought by an infant and his parent, on account of defendant's maintenance of certain premises upon which he is alleged to have stored explosives in a negligent manner and contrary to the provisions of law applicable thereto, as a result of which the infant plaintiff, after going upon said premises and removing certain explosive "fire bombs" from an exposed container, and taking them to his home, sustained personal injuries upon the detonation of one of them. The appeal is predicated on plaintiffs' claim of error on the part of the Trial Judge in charging two requests submitted by defendant with respect to the status of the infant plaintiff and defendant's duty to him. The applicable case law is clear. Discussing the issue of liability for the injuries caused to two children by the explosion of an inflammable liquid stored by defendant, the Court of Appeals held "that the proper standard of care owed to trespassers by a property owner, in refraining from willful, wanton or intentional acts or their *equivalents,* is to be determined from the pertinent facts and relevant circumstances of each case."

(*Carradine* v. *City of New York,* 13 N Y 2d 291, 295; emphasis as in original.) In an earlier case, recognized as a landmark decision, the same court said, "The fact that the boys may have been trespassers on the fairgrounds is immaterial, since there was sufficient evidence that the article which caused the injury was 'inherently dangerous'. One who keeps an explosive substance is '.bound to the exercise of a high degree of care to so keep it as to prevent injury to others.' (*Travell* v. *Bannerman,* 174 N. Y. 47, 51.) The degree of care required is commensurate with the risk involved, depending upon such circumstances as the 'dangerous character of the material' and its accessibility to others, particularly children whose presence should have been anticipated, regardless of whether or not they are trespassers." (*Kingsland* v. *Erie County Agric. Soc.,* 298 N. Y. 409, 423–424.) This being the state of the law, the Trial Judge in the case before us, after his main charge to the jury and after acting upon a number of requests by each party, received and passed upon defendant's final requests at the very conclusion of his instructions to the jury and just before the jurors were sent out. Defendant's attorney first requested the court to charge that "the Defendant Harold Regis would not be responsible for the act or acts of unauthorized personnel who might be on the premises without his permission and consent"; to which the court responded, "I so charge, and I think I previously have indicated that." Counsel then requested the instruction "that the Plaintiff Stephen Pond, on April 2, 1958, while he was on the premises of Harold Regis and at the time that he was on these premises prior to April 2, 1958, was unauthorized personnel"; and the court stated, "I have so indicated and I so charge." Plaintiffs took proper exceptions. Respondent's brief seems to indicate that this somewhat unusual phrasing was derived from the Industrial Code and, in particular, from rules 39–3.3[1] and 39–3.4[2]. It is further indicated, if we correctly read the brief, that the court's reference to these rules in the main charge prompted respondent's requests; but the phrasing of the requests was, as appears from the footnote below, misleading and out of context with the language of the rules, which relate principally to the regulation of employment practices and in some respects, indeed, are designed to impose liability rather than to discharge it. In any event, and equally or more important, the clear effect of the instructions was to indicate to the jury that the infant plaintiff was not authorized to go upon the premises, which for purposes of this appeal may be assumed to be the fact; and that, therefore, defendant was not liable to him; but this was the very issue to be decided by the jury and not by the court. Consequently, the charge diluted, if it did not indeed negate the clear rule of *Kingsland* (*supra*). The resulting prejudice was heightened by the Trial Judge's observation, which in context was bound to be misleading, that with respect to defendant's nonresponsibility to "unauthorized personnel", he had previously "indicated that"; and, finally and importantly, by the circumstance that these instructions concluded the charge and constituted the last word on the subject

1. "*Locking explosives magazines.* All magazines and all enclosures used for storage of explosives shall be kept locked by the owner or user thereof at all times except when opened by an authorized person while placing explosives therein or removing explosives therefrom, or for the inspection thereof."

2. "*Access to explosives.* No person unless duly authorized by the owner of the explosives shall have access to or enter magazines or explosives storage enclosures. Detonators or other explosives when removed from magazines shall not be left unguarded where children or other unauthorized persons may have access to them." (12 NYCRR 39.3 [c], [d].)

of liability to be heard by the jury. Judgments reversed, on the law and the facts, with costs to appellants, and a new trial ordered. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.